IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CYNTHIA A. GREEN<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER WRIGHT, *as* SECRETARY, U.S. DEPARTMENT OF ENERGY NATIONAL NUCLEAR SECURITY ADMINISTRATION AGENCY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:26-CV-079-Z-BR |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO SERVE**

Pursuant to 28 U.S.C. § 636(b) and Rule 2(c) of Miscellaneous Order No. 6 of this District, the presiding United States District Judge has referred this case to the undersigned United States Magistrate Judge for pretrial management. (ECF 8). Plaintiff, proceeding *pro se*, filed her Original Complaint on April 13, 2026. (ECF 3). The Court's records indicate that summons was not requested at the time the Complaint was filed. (*See id.*). The docket does not currently reflect whether Defendant has been served.

When service is not made on a defendant within ninety days after the filing of the complaint, a court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice or order the plaintiff to effect service within a specific time. FED. R. CIV. P. 4(m). The ninetieth day after April 13 was Sunday, July 12, 2026.

Accordingly, on June 22, 2026, the undersigned ordered Plaintiff to, no later than July 13, 2026, either effect service on Defendant or file an advisory showing good cause for her failure to

perfect service. (ECF 9). In that Order, the undersigned advised Plaintiff, "If Plaintiff fails to effect service, the Court does not receive an advisory, or the advisory fails to show good cause, the undersigned will recommend to the presiding United States District Judge that the Court dismiss this action without prejudice pursuant to Rule 4(m)." (*Id.* at 1–2). The July 13 deadline has now passed without any filing by Plaintiff.

In addition to Rule 4(m), Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Plaintiff's failure to comply with the June 22, 2026 order has prevented this action from proceeding and constitutes a failure to prosecute.

Accordingly, the undersigned RECOMMENDS that the presiding United States District Judge dismiss this action without prejudice for failure to effect service and for failure to prosecute. Though the recommendation is dismissal without prejudice, the undersigned notes that Plaintiff may be time-barred from bringing her claims in a new suit. (*See* ECF 6 at 2) (partial EEOC determination letter indicating that this action was subject, at least in part, to a filing deadline).

The Court has discretion to extend the deadline to perfect service, even when good cause has not been shown for the delay. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Accordingly, if at any time before the presiding District Judge adopts this recommendation, Plaintiff files either proof of service on Defendant, or an advisory to the Court explaining her efforts to serve Defendant and showing good cause for the delay in service, the undersigned will withdraw this recommendation.

**INSTRUCTIONS FOR SERVICE**

The Clerk of Court is DIRECTED to send a copy of this FCR to each party by the most efficient means available.

ENTERED July 20, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. Service is complete upon mailing, FED. R. CIV. P. 5(b)(2)(C), or transmission by electronic means, FED. R. CIV. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendations set forth by the Magistrate Judge and accepted by the District Judge. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).